McQueen v. The Ship Russell.

## McQueen *vs.* The Ship Russell.

Where a bond was given in pursuance of section 8 of the act, passed April 10, 1850, providing for the collection of demands against boats and vessels, for the discharge of the vessel, in a case where the vessel was not liable to be attached under the act ; *Held*, that judgment rendered against the principal and sureties in the bond was erroneous, on the ground that a bond given for the release of a vessel, when the vessel was not liable to seizure under that act, was invalid.

APPEAL from the superior court of the city of San Francisco. The facts in this case were in all respects, so far as concerns the liability of the ship *Russell*, under the Attachment Act of April 10, 1850, the same as in the case of the *Sea Witch*. (*ante*, 162.) Judgment having been rendered in the superior court in favor of the plaintiff, an appeal was taken, and the judgment reversed by this court, on the ground that the case was controlled by the decision in *Souter* v. *The Sea Witch*. A petition was then presented for a re-hearing, and the matter was argued by

*Allen T. Wilson*, for plaintiff, and

*John Curry*, for defendants.

*By the Court*, BENNETT, J. It was decided in the case of the

*Sea Witch*, (*ante, p.* 162,) that the act of April 10, 1850, providing for the collection of demands against vessels and boats, did not apply to such a case as the present. It is claimed, however, on this application for a re-hearing that, in consequence of a bond having been given under section 8 of the statute, the court below thereby acquired jurisdiction over the subject matter, and was authorized to pronounce the judgment rendered in this cause. The sections of the statute upon which the plaintiff relies, are as follows :—

" Sec. 8. If the master, agent, owner, or consignee, shall, be-" fore final judgment in any suit instituted by virtue of this act, " give bond to the plaintiff with sufficient security, to be ap-" proved by the court, or the judge or clerk thereof in vacation, " conditioned to satisfy the amount that shall be adjudged to be " due and owing to the plaintiff upon the determination of the " suit, together with all costs accruing, said boat or vessel, with " the tackle, apparel, and furniture belonging thereto, shall be " discharged from further detention.

" Sec. 9. If judgment shall be rendered against any boat or " vessel, in favor of the plaintiff, the court shall make an order, " directed to the sheriff, commanding him to sell such boat or " vessel, together with its tackle, apparel, and furniture, to sa-" tisfy the judgment, and all costs that may have accrued in " the cause ; which order shall be executed and returned in the " same manner as executions.

" Sec. 10. If bond and security shall have been entered into, " according to the 8th section of this act, and judgment shall " have been rendered in favor of the plaintiff, execution shall be " issued for the amount of the judgment and costs, in favor of " the plaintiff, against the principal and security in such bonds."

The amount of these sections is nothing more than this, that, when a bond shall be given, the vessel shall be released, leaving the suit to proceed in the same manner as it would have proceeded, in case the vessel had remained under seizure. The judgment is spoken of as one in favor of the plaintiff : but a judgment against what, or whom ? Clearly against the vessel, the only party defendant in the proceeding, and not against ei-

ther the principal or sureties in the bond; and *judgment* having thus been rendered in favor of the plaintiff *against the vessel* attached, *execution* may, by the express authority of the statute, issue against the principal and sureties in the bond. The judgment appealed from in this case, is therefore against the vessel, or it is not a judgment authorized by the statute; in the latter event it must necessarily be reversed, and in the former case the same result must follow under the decision in the case of the *Sea Witch*. The ship *Russell* not having been liable to seizure by the provisions of the act, the bond given to release her can be of no effect, for the reason, that it cannot be enforced until judgment has been finally rendered against the ship. Although I entertained, in the outset, considerable doubts upon the point under review, I am satisfied, upon a careful examination, that the above is the proper construction to be given to the statute. The motion for a re-hearing should consequently be denied.

Ordered accordingly.